IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MARGARET BROWN, )<br>)<br>Defendant. )<br>_____ ) | Civil Case No.: 2:14-cv-10797 |

## **COMPLAINT FOR PERMANENT INJUNCTION AND OTHER RELIEF**

The United States of America seeks a permanent injunction against defendant Margaret Brown ("Brown") under 26 U.S.C. §§ 7402, 7407, and 7408, barring her from further acting as a federal tax return preparer. For its complaint, the United States of America alleges the following:

### Authorization

1. This action has been requested by the Chief Counsel of the Internal Revenue Service, and commenced at the direction of a delegate of the Attorney General, pursuant to 26 U.S.C. §§ 7401, 7402, 7407 and 7408.

### Jurisdiction & Venue

2. This Court has jurisdiction over this case under 28 U.S.C. §§ 1340 and 1345 and 26 U.S.C. §§ 7402(a).

3. Venue is proper under 28 U.S.C. § 1391(b) because Margaret Brown resides in Detroit, Michigan, and a substantial part of the actions giving rise to this suit took place in this judicial district.

## Nature of Action

4. The United States brings this action under 26 U.S.C. §§ 7402, 7407, and 7408 to enjoin Brown and all those in active concert or participation with her, from directly or indirectly:

   a. Acting as a federal tax return preparer or requesting, assisting in, or directing the preparation or filing of federal tax returns, amended returns, or other related documents or forms for any person or entity other than herself (or spouse if filing jointly);

   b. Preparing or assisting in preparing federal tax returns that she knows or reasonably should have known would result in an understatement of tax liability or the overstatement of federal tax refund(s) as penalized by 26 U.S.C. § 6694;

   c. Engaging in any activity subject to penalty under 26 U.S.C. § 6695, including 26 U.S.C. § 6695(g), which penalizes preparers who claim the Earned Income Tax Credit (EITC) for their customers without first complying with the due diligence requirements imposed by Treasury regulations;

   d. Engaging in any other activity subject to penalty under 26 U.S.C. §§ 6694, 6695, 6701, or any other penalty provision in the Internal Revenue Code; and

   e. Engaging in any conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

## Background

5. Margaret Brown prepares federal income tax returns for compensation and has been doing so since, at least, 2006. She is a "tax return preparer" under 26 U.S.C. § 7701(a)(36).

6. Since 2006, Margaret Brown has been doing business as a tax return preparer in Detroit, Michigan, under two different company names: National Tax Service, Inc., and American Tax Team, LLC. Both National Tax Service, Inc., and American Tax Team, LLC, are companies organized in the state of Michigan.

7. For tax years 2008 through 2010, Brown prepared tax returns under the name National Tax Service, Inc. For tax years 2011 and 2012, Brown prepared tax returns under the name American Tax Team, LLC.

8. While at National Tax Service, Inc., Brown prepared returns from an office located at 19980 Alcoy Street, Detroit, Michigan 48205. While at American Tax Team, LLC, Brown preparer tax returns from an office located at 15170 Gratiot, Detroit, Michigan 48206.

9. Most of Brown's customers earn income in the low-to-middle income ranges and reside in or around Detroit.

## Scope of Brown's Tax Preparation

10. For tax years 2008 through 2011, Brown prepared over 1400 tax returns. During this period, the number of returns that Brown prepared that claimed a refund was extremely high, ranging from 95 to 99 percent. For tax year 2011 alone, 360 of the 363 tax returns that Brown prepared claimed a refund—a 98% refund rate.

11. The number of returns on which Brown claimed the Earned Income Tax Credit ("EITC") during tax years 2009 through 2011 was also extremely high, ranging between 95 and 98 percent.

12.  The table below shows the number of federal income tax returns prepared by Brown for tax years 2008 through 2011, and the number of those returns claiming an income tax refund and/or the EITC.

| Tax Year | Number of Returns | Number of Refund Returns | Percentage of Refund Returns | Number of EITC Returns | Percentage of EITC Returns |
|---|---|---|---|---|---|
| 2008 | 224 | 222 | 99% | 189 | 84% |
| 2009 | 347 | 333 | 95% | 291 | 95% |
| 2010 | 508 | 497 | 97% | 375 | 97% |
| 2011 | 366 | 360 | 98% | 261 | 98% |

**Description of Brown's
Tax Year 2010 Preparer Misconduct**

13. In November 2011, the IRS examined 166 of the tax returns prepared by Brown for tax year 2010. Of those 166 returns, 162 failed to comply with at least one of the EITC tax return preparer due diligence requirements.

14. The EITC is a refundable tax credit available to certain low-income individuals. The amount of the credit is based on the taxpayer's income, filing status, and claimed number of dependents. The requirements for claiming the EITC are set forth in 26 U.S.C. § 32.

15. Because the EITC is calculated based on a taxpayer's income, filing status, and claimed number of dependents, a taxpayer may claim a larger EITC by claiming multiple dependents and reporting income that places the taxpayer within the earned income range necessary to maximize the EITC.

16. For instance, for tax year 2011, a taxpayer claiming three dependents and a single or head-of-household filing status would have their EITC increase as earned income increased between $1 and $12,750, and decrease as earned income increased beyond $16,700. In other words, this taxpayer could maximize their EITC by reporting earned income that fell between $12,750 and $16,700. This range of earned income corresponding to the maximum EITC is often referred to as the "sweet spot." In 2011, the maximum EITC obtainable was $5,751.

17. Unscrupulous tax return preparers may exploit the EITC by claiming on their customers' tax returns false dependents and/or by reporting phony Schedule C business income or expenses.

18. Because of the potential for abuse in claiming the EITC, Congress has authorized the Secretary of the Treasury to impose "due diligence" requirements on federal tax return preparers claiming the EITC for their customers.  These "due diligence" requirements obligate tax return preparers to, among other things, make "reasonable inquiries" to ensure the taxpayer is legitimately entitled to the EITC. The tax return preparer may not "ignore the implications of information furnished to, or known by, the tax return preparer, and must make reasonable inquiries if the information furnished to the tax return preparer appears to be incorrect, inconsistent, or incomplete." *See* 26 CFR § 1.6695-2(b)(3).

19. Moreover, to document compliance with the due diligence requirements, tax return preparers must complete either the "Paid Preparer's Earned Income Credit Checklist" (Form 8867) or record and maintain other documentation verifying customer eligibility for the EITC.

20. As stated above, in November 2011, the IRS reviewed 166 federal tax returns that Brown prepared for tax year 2010, along with the corresponding customer files. All 166 tax returns examined claimed the EITC. On 162 of the 166 returns examined, Brown failed to satisfy the due diligence requirements because she failed to request sufficient documentation from her customers regarding their eligibility for the EITC (i.e. proof of dependents, Schedule C income, and/or head of household status) and/or to inquire into information provided by the taxpayer that appeared to be incorrect, inconsistent or incomplete.

21. Brown's failure to comply with the due diligence requirements included: files containing insufficient documentation to support dependent claims that Brown reported on her customers' tax returns; files containing insufficient documentation to support the business income or expenses claimed on Forms Schedule C prepared by Brown; and files failing to document inquiries made by Brown to customers that reported Schedule C business income with no expenses. Many of these returns claimed the exact amount of income necessary to maximize the EITC.

22. One instance demonstrating Brown's failure to adhere to the EITC due diligence requirements occurred when Brown prepared JA's 2010 tax return. Brown claimed two dependents for JA, a son and a daughter. Brown reported that the son and daughter were born only three days apart in the same year. Brown did not document a single inquiry that she made regarding this obvious incorrect or inconsistent information.

23. Based on findings from its tax year 2010 examination, the IRS assessed a $100 penalty against Brown for each of her 162 separate violations of 26 U.S.C. § 6695(g)—for a total penalty assessment of $16,200.

### Description of Brown's
### Tax Year 2011 Preparer Misconduct

24. On November 5, 2012, the IRS contacted Brown and requested 20 customer files from tax year 2011 to determine whether Brown was complying with the due diligence requirements with respect to preparing income tax returns claiming the EITC.

25. The IRS's examination of these 20 customer files and communications with Brown's customers revealed that Brown had continued not to comply with the EITC due diligence requirements, and, in at least one instance, fabricated a customer's gross income to inflate

6

the EITC. Brown also falsely claimed refundable education credits to inflate her customers' income tax refunds.

26. The 20 customer files examined by the IRS for tax year 2011 revealed examples of Brown's failure to adhere to due diligence requirements:

   a. 16 of the 20 tax returns that include a Form Schedule C reported income between $13,000 and $16,700, but less than $200 in expenses. The corresponding customer files did not contain narratives of how Brown's customers' Schedule C business income or expenses were determined;

   b. Four of the 20 case files contained returns that reported information that was inconsistent, different or not listed in Brown's customers' files. Brown did not document any inquiries or explanations for these discrepancies;

   c. Two of the tax returns claimed a qualifying relative (e.g., nephew or niece). Although these individuals could potentially qualify as dependents supporting an EITC claim, there was insufficient documentation in the files to establish the listed relationship or to show that Brown made a sincere inquiry to verify that these alleged dependents were qualifying relatives for the purposes of the EITC;

   d. 13 of the customer files claimed a refundable education credit. Of those 13 files, nine files did not contain documentation supporting the qualified educational expense claimed.

27. Brown, however, does more than fail to adhere to the due diligence requirements. In at least one instance, Brown fabricated information to inflate her customers' EITC. On or around January 12, 2012, Brown prepared TA's 2011 tax return. On TA's return, Brown reported that TA operated a barber business, earning $9,673 in gross receipts and $124 in expenses. But TA told the IRS that he did not have a barber business in 2011, and had no idea where Brown obtained that information. As a result, Brown illegally inflated TA's EITC.

28. Brown also falsely claims the American Opportunity tax credit on her customers' tax returns. This tax credit may be claimed for tuition and certain other qualified educational

expenses, such as books and supplies. Brown, however, uses it to inflate her customers' income tax refunds.

29. For instance, Brown prepared SW's 2011 tax return on or around January 15, 2012. Brown reported that TW paid $2,011 in education expenses. TW told the IRS that she did not attend college in 2011, did not tell Brown that she had attended college, nor provided Brown with any documentation that she incurred educational expenses. Brown's bogus educational expense claim falsely inflated TW's income tax refund by roughly $800.

30. Similarly, Brown prepared RM's 2011 tax return on or about January 18, 2012. RM told the IRS that Brown knew that neither she nor her dependents attended college in 2011. Notwithstanding, Brown claimed $4,000 in qualified education expenses on RM's 2011 tax return, inflating RM's income tax refund by $1,000.

31. Brown has failed to adhere to due diligence requirements, and has falsified tax return information in order to maximize the EITC and education credits for her customers. Brown's conduct shows an intentional disregard for the tax laws.

32. Each of Brown's 20 customer files that were examined by the IRS for tax year 2011 contained due diligence worksheets stating that Brown had complied with the EITC due diligence requirements. But Brown's failure to verify and willingness to fabricate income and/or expenses demonstrates that such due diligence worksheets serve no purpose for Brown other than to make it appear as though she is complying with the due diligence requirements.

**Harm Caused by Brown**

33. Brown's customers have been harmed because they paid Brown fees and relied on her to properly prepare their tax returns. Instead, Brown prepared returns that substantially

understated their correct tax liabilities. As a result, some of Brown's customers face income tax deficiency assessments, interest and penalties.

34. Brown's conduct also harms the United States because Brown's customers understate their tax liabilities, and in many cases receive unwarranted refunds, resulting in diminishing tax revenues.

35. In addition to the direct harm caused by preparing tax returns that understate customers' tax liabilities, Brown's activities undermine public confidence in the administration of the federal tax system and encourage noncompliance with tax laws.

36. Brown further harms the United States because the IRS must devote its limited resources to investigating Brown, identifying her customers, ascertaining her customers' correct tax liabilities, recovering any refunds erroneously issued, and collecting any additional taxes and penalties.

## Count I: Injunction under IRC § 7407

37. The United States incorporates by reference the allegations in paragraphs 1 through 36.

38. Section 7407 of the Internal Revenue Code authorizes a district court to enjoin a tax return preparer from, among other things, engaging in conduct subject to penalty under 26 U.S.C. §§ 6694 or 6695, or engaging in any other fraudulent or deceptive conduct that substantially interferes with the proper administration of the internal revenue laws, if the court finds that the preparer has engaged in such conduct and that injunctive relief is appropriate to prevent the recurrence of the conduct.

39. Additionally, 26 U.S.C. § 7407 provides that if the court finds that a preparer has continually or repeatedly engaged in such conduct, and that a narrower injunction (i.e., prohibiting only that specific enumerated conduct) would not be sufficient to prevent that

person's interference with the proper administration of the internal revenue laws, the court may enjoin the person from further acting as a federal tax preparer.

40. Brown has continually and repeatedly engaged in conduct subject to penalty under 26 U.S.C. § 6694 by preparing federal income tax returns that understate her customers' liabilities based on unrealistic, frivolous, and reckless positions.

41. The Treasury regulations promulgated under IRC § 6695(g) prohibit a return preparer from claiming the EITC without first conducting proper due diligence and documenting his or her compliance with the due diligence requirements. *See* 26 C.F.R. § 1.6995-2 (2010).

42. Brown's failure to comply with the due diligence requirements for the EITC violates Treasury Regulations and her willingness to fabricate income to obtain or inflate the EITC and to claim bogus qualified education expenses on her customers' returns shows a reckless and/or intentional disregard of the IRS rules and regulations. Brown has continually and repeatedly prepared federal income tax returns that claim the EITC for which Brown has not conducted or documented the required due diligence.

43. Even after the IRS assessed $16,200 in penalties against Brown in 2010 for conduct subject to penalty under IRC § 6695(g), Brown continued to claim the EITC on her customers 2011 returns for which she failed to conduct or document the required due diligence procedures.

44. If she is not enjoined, Brown is likely to continue to prepare and file false and fraudulent tax returns.

45. Brown's continual and repeated violations of 26 U.S.C. §§ 6694 and 6695 fall within 26 U.S.C. § 7407(b)(1)(A) and (D), and thus are subject to an injunction under IRC § 7407.

Brown's continual and repeated failure to comply with the due diligence requirements for the EITC and to falsify gross income and education expenses to obtain inflated income tax refunds for her customers demonstrates that a narrow injunction prohibiting only specific conduct would be insufficient to prevent Brown's interference with the proper administration of the internal revenue laws.  Thus, she should be permanently barred from acting as a federal tax return preparer.

### Count II: Injunction under IRC § 7408

46. The United States incorporates by reference the allegations in paragraphs 1 through 45.

47. Section 7408 of the IRC authorizes a district court to enjoin any person from engaging in conduct subject to penalty under either IRC § 6701 (among other provisions) if injunctive relief is appropriate to prevent recurrence of such conduct.

48. Section 6701(a) of the Internal Revenue Code penalizes any person who aids or assists in, procures, or advises with respect to the preparation or presentation of a federal tax return, refund claim, or other document knowing (or having reason to believe) that it will be used in connection with any material matter arising under the internal revenue laws and knowing that if it is so used it will result in an understatement of another person's tax liability.

49. Brown prepares federal tax returns for customers that she knows (or has reason to believe) will understate the customers' correct tax liabilities, because Brown knowingly prepares returns that claim false or inflated deductions or credits, such as false Schedule C income. Brown's conduct is thus subject to a penalty under 26 U.S.C. § 6701.

50. If the Court does not enjoin Brown, she is likely to continue to engage in conduct subject to penalty under 26 U.S.C. § 6701. Brown's preparation of returns claiming improper deductions and credits is spread over several of her customers.

51. Injunctive relief is therefore appropriate under 26 U.S.C. § 7408.

### Count III: Injunction under IRC § 7402(a)

52. The United States incorporates by reference the allegations in paragraphs 1 through 51.

53. Section 7402(a) of the Internal Revenue Code authorizes a district court to issue orders of injunction as may be necessary or appropriate for the enforcement of the internal revenue laws.

54. Brown, through the actions described above, has engaged in conduct that substantially interferes with the enforcement of the internal revenue laws.

55. Unless enjoined, Brown is likely to continue to engage in such improper conduct and interfere with the enforcement of the internal revenue laws.

56. If Brown is not enjoined from engaging in fraudulent and deceptive conduct, the United States will suffer irreparable injury by wrongfully providing federal income tax refunds to individuals not entitled to receive them, as well as expending time and resources to identify individuals, determine their proper federal tax liabilities, and recover the erroneous refunds from them, if possible.

57. Enjoining Brown is in the public interest because an injunction, backed by the Court's contempt powers if needed, is likely to stop Brown's misconduct and the harm it causes the United States.

58. The Court should thus grant injunctive relief under 26 U.S.C. § 7402(a).

WHEREFORE, the United States of America prays for the following:

A. That the Court find that Margaret Brown has continually and repeatedly engaged in conduct subject to penalty under 26 U.S.C §§ 6694 and 6695, and has continually and repeatedly engaged in other fraudulent or deceptive conduct that substantially interferes with the administration of the tax laws, and that a narrower injunction prohibiting only this specific misconduct would be insufficient;

B. That the Court, pursuant to 26 U.S.C. § 7407, enter a permanent injunction prohibiting Margaret Brown from acting as a federal tax return preparer;

C. That the Court find that Margaret Brown has engaged in conduct subject to penalty under 26 U.S.C. § 6701, and that injunctive relief under 26 U.S.C. § 7408 is appropriate to prevent the recurrence of that conduct;

D. That the Court find that Margaret Brown has engaged in conduct that substantially interferes with the enforcement of the internal revenue laws, and that injunctive relief is necessary and appropriate to prevent the recurrence of that conduct pursuant to the Court's inherent equity powers and 26 U.S.C. § 7402(a);

E. That the Court, pursuant to 26 U.S.C. §§ 7402(a), 7407, and 7408, enter a permanent injunction prohibiting Margaret Brown, and all those in active concert or participation with her, from:

   a. Acting as a federal tax return preparer or requesting, assisting in, or directing the preparation or filing of federal tax returns, amended returns, or other related documents or forms for any person or entity other than herself (or spouse if filing jointly);

   b. Preparing or assisting in preparing federal tax returns that she knows or reasonably should have known would result in an understatement of tax liability or the overstatement of federal tax refund(s) as penalized by 26 U.S.C. § 6694;

    c. Engaging in any activity subject to penalty under 26 U.S.C. § 6695, including 26 U.S.C. § 6695(g), which penalizes preparers who claim the Earned Income Tax Credit (EITC) for their customers without first complying with the due diligence requirements imposed by Treasury regulations;

    d. Engaging in any other activity subject to penalty under 26 U.S.C. §§ 6694, 6695, 6701, or any other penalty provision in the Internal Revenue Code; and

    e. Engaging in any conduct that substantially interferes with the proper administration and enforcement of the internal revenue laws.

F. That the Court, pursuant to 26 U.S.C. §§ 7402(a), 7407, and 7408, enter an order requiring Margaret Brown to contact, within thirty days of the Court's order, by United States mail and, if an e-mail address is known, by e-mail, all persons for whom she has prepared federal tax returns or claims for a refund for tax years 2010 through 2012 to inform them of the permanent injunction entered against her;

G. That the Court, pursuant to 26 U.S.C. §§ 7402(a), 7407, and 7408, enter an order requiring Margaret Brown to produce to counsel for the United States, within 30 days of the Court's order, a list that identifies by name, social security number, address, e-mail address, and telephone number and tax period(s) all persons for whom she prepared federal tax returns or claims for a refund for tax years 2010 through 2012;

H. That the Court retain jurisdiction over Brown and over this action to enforce any permanent injunction entered against her;

I. That the United States be entitled to conduct discovery to monitor Margaret Brown's compliance with the terms of any permanent injunction entered against her; and

J.  That the Court grant the United States such other and further relief, including costs, as is just and reasonable.

Dated: February 21, 2014.

                                        Respectfully submitted,

                                        BARBARA L. MCQUADE
                                        United States Attorney

                                        *s/: Jose A. Olivera*
                                        JOSE A. OLIVERA
                                        California Bar No. 279741
                                        Trial Attorney, Tax Division
                                        U. S. Department of Justice
                                        P.O. Box 7238, Ben Franklin Station
                                        Washington, D.C. 20044
                                        Telephone: (202) 353-0703
                                        Fax: (202) 514-6770
                                        jose.a.olivera@usdoj.gov